**Camden-Clark Memorial Hospital Corporation, Third-Party Defendant Below, Petitioner v. Tuan Nguyen, M.D., Defendant and Third-Party Plaintiff Below, Respondent. Supreme Court No. 16-0834**

**FILED**

**November 13, 2017**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Justice Ketchum dissenting**:

Dr. Nguyen, by his own admission, failed to meet the minimum eligibility criteria for reappointment to the Hospital medical staff as required by the Hospital's bylaws. As a result, Dr. Nguyen's termination of employment was mandated by the Physician Employment Agreement he had with his employer, Camden-Clark Physician Corporation. Thus, I believe that the Hospital is entitled to a dismissal of Dr. Nguyen's third-party complaint. Further discovery in this action is unnecessary. I therefore dissent from the Majority opinion.

Dr. Nguyen's Physician Employment Agreement states:

> The Physician shall obtain and maintain active medical staff appointment and clinical privileges at the Hospital commensurate with the services that shall be performed pursuant to this Agreement. Application for the same shall be processed *pursuant to the applicable bylaws and policies of the Hospital and its Medical Staff.*

(emphasis added) Article 2 of the bylaws and policies of the Hospital, entitled "Qualifications, Conditions and Responsibilities," provides, in Section 2.A.1., that to be eligible even "to apply" for reappointment to the Hospital medical staff, "applicants must achieve board certification in their primary area of practice within five (5) years from the date of completion of their residency or fellowship training."

1

Dr. Nguyen never achieved board certification in his primary area of practice (general surgery). Consequently, the Hospital informed him in writing that, pursuant to the bylaws, he was "not eligible to apply for reappointment" to the medical staff due to his failure to obtain board certification. Soon after, Dr. Nguyen's employment was terminated by Camden-Clark Physician Corporation. His termination was because of his "failure to meet and continue to meet the Eligibility Criteria set forth in the Hospital's Credentials Policy regarding Board Certification (Article 2.A.1.(l)) and, consequently membership in good standing on the Hospital's Medical Staff." Dr. Nguyen acknowledged: "I take full responsibility for not having obtained my board certification."

Dr. Nguyen was never the subject of a revocation proceeding concerning staff privileges or any disciplinary action. Thus, an administrative proceeding to resolve contested matters was never warranted. As the Hospital correctly points out, there was simply no credentialing decision for the Hospital to make. Because of his failure to obtain board certification, Dr. Nguyen was not even eligible to apply for reappointment to the medical staff. His application for reappointment was rejected and his employment terminated on the express provisions of the Hospital's bylaws and the Physician Employment Agreement.

Requiring a physician on the Hospital medical staff to be board certified in his or her primary area of practice is a reasonable requirement of which Dr. Nguyen was aware when he applied for reappointment. Dr. Nguyen by his own admission having failed to meet that

2

threshold requirement, the action of the Hospital in declining to further consider Dr. Nguyen's application was clearly non-retaliatory. I find no basis for reaching the conclusion that additional, expensive and time-consuming discovery should be permitted in this matter.

The Hospital complied with its bylaws and is immune from Dr. Nguyen's claims. The Hospital should be granted a dismissal of Dr. Nguyen's third-party complaint. I therefore respectfully dissent.